UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN WILLIAMS** | **CIVIL ACTION NO. 14-2288** |
| **VERSUS** | **SECTION "G"** |
| **N. BURL CAIN, WARDEN** | **MAGISTRATE (4)** |

**MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS**

**MAY IT PLEASE THE COURT:**

  This Memorandum is filed on behalf of the District Attorney for the Parish of St. Tammany, State of Louisiana in opposition to the application for habeas corpus relief filed by petitioner herein.

**STATEMENT OF THE CASE**

  Petitioner, Kevin Williams (hereinafter referred to as "Williams"), was convicted in state court following a guilty verdict of one count of second degree murder. Williams was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. The First Circuit Court of Appeal affirmed the conviction and sentence, and the Louisiana Supreme Court denied Williams' related writ application.

**LAW AND ARGUMENT**

**Timeliness and Exhaustion**

The federal habeas corpus application filed herein by petitioner must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. Leonard v. Hubert, 2001 WL 333123 (E.D. La. 2001). The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications. 28 U.S.C. 2244(d)(1).

Pursuant to 28 U.S.C. §2244(d)(1)(A), this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The First Circuit Court of Appeal affirmed Williams' conviction and sentence on February 11, 2011 and denied his application for rehearing on March 28, 2011. Thereafter, Williams had thirty days, or until April 27, 2011, to seek review with the Louisiana Supreme Court. *See* Rule X, Sec. 5 of the Rules of the Louisiana Supreme Court. On May 11, 2011, after the deadline for seeking review had expired, Williams signed and forwarded to the Louisiana Supreme Court a request for an extension to file his writ application. His actual writ application was not signed until July 13, 2011. Rule X, Sec. 5 of the Rules of the Louisiana Supreme Court provides that no extension of time for the filing of writ applications will be granted. The State submits that this untimely writ application to the Louisiana Supreme Court did not serve to extend the date that Williams' conviction became final for AEDPA purposes. *See* Butler v. Cain, 533

F.3d 314, 317 (5th Cir.2008) (rejecting petitioner's argument that the limitations period should run from the date his untimely direct review petition is denied). Accordingly, the State submits petitioner's conviction was final for AEDPA purposes on April 27, 2011 when no timely writ application was filed with the Louisiana Supreme Court. The State further submits that the AEDPA time limitation began running on that date and continued running for one year until it expired on April 27, 2012.[1] Therefore, this action is untimely.

**Exhaustion of State Court Remedies**

The exhaustion doctrine, generally codified in 28 U.S.C. 2254(b) and (c), requires that a state prisoner's entire federal habeas petition be dismissed unless his state remedies have been exhausted as to all claims raised in the federal petition. Graham v. Johnson, 94 F.3d 958 (5th Cir. 1996). *See also* Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice. Generally, the exhaustion requirement is satisfied only when the specific constitutional grounds urged in a federal habeas petition were fairly presented to the State's highest court. Mercandel v. Cain, 179 F.3d 271 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to each of the state courts through to the highest court of the state in a procedurally proper manner. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728,

---

[1] No pleadings were filed in state court during this time attacking the conviction, and therefore, no tolling occurred during this one year period.

144 L.Ed.2d 1 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982).

Petitioner raises six claims herein: (1) trial court erred in overruling Williams' objection to unreliable scientific evidence, and the appellate court erred in finding this issue was not reserved for appeal; (2) denial of Williams' motion to suppress his statements; (3) ineffective assistance of counsel due to counsel's elicitation of hearsay testimony; (4) ineffective assistance of counsel for failure to object to the State's closing argument; (5) ineffective assistance of counsel for failure to challenge the sufficiency of evidence; and (6) ineffective assistance of counsel for failure to prepare for trial.

Claim one and a portion of claim two (as discussed below) were presented to the state courts on direct appeal, although as argued above, the related writ application filed with the Louisiana Supreme Court was untimely. As a result, these claims were not presented in a procedurally proper manner to the Louisiana Supreme Court, and the State submits these claims were not exhausted for that reason. Nevertheless, the State further submits that claim one was also procedurally defaulted, as argued below.

With regard to claim two herein, petitioner did assert, on direct appeal, that the denial of his motion to suppress was error. However, in the state court appeal, he argued the denial was in error because it was secretly recorded. In this federal habeas action, he mentions that issue, but primarily argues that he was not informed of the murder investigation, only the check cashing investigation, and he only waived his rights with regard to those check cashing charges. A petitioner exhausts a claim if he makes essentially the same argument before the

federal court as he made before the state court. Duncan v. Henry, 513 U.S. 364, 370 n. 1, 115 S.Ct. 887, 890 n. 1, 130 L.Ed.2d 865 (1995). Issues not exhausted in the state court cannot be considered for the first time on federal habeas review. Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir.2006) (holding that a petitioner's claims are procedurally defaulted on federal *habeas* review where the facts or legal theories relied upon are different in federal court than in state court); Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir.2002) *citing* Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir.1998) ("The exhaustion requirement is satisfied when the substance of the federal *habeas* claim has been fairly presented to the highest state court.... A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement .... [and] is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application") and Dispensa v. Lynaugh, 847 F.2d 211, 217 (5th Cir.1988) (stating that the Fifth Circuit "has consistently held that a federal *habeas* petitioner has failed to exhaust his state remedies when he relies on a different legal theory than he did in state court or when he makes the same legal claim to a federal court but supports the claim with factual allegations that he did not make to the state court"). The State submits that the portion of this argument dealing with petitioner's lack of knowledge that the recorder was on when he made a statement is exhausted (subject to the argument raised above regarding the untimely writ application), but the remaining argument dealing with the type of investigation was not raised to the state courts, and accordingly, is unexhausted.

Claims three through six were presented to the state courts through the application for post-conviction relief and the related writ applications filed with the appellate courts. Those claims appear to be exhausted. However, the State submits these claims are also procedurally defaulted, as argued below.

This petition is, at a minimum, a mixed petition in terms of exhaustion. As such, it is subject to dismissal without prejudice, in the event this Court finds this action timely.

**Procedural Default**

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Id* 902.

Claim one was rejected by the First Circuit Court of Appeal because the issue was not preserved for appeal pursuant to La. C.Cr.P. art. 841. Petitioner asserted on appeal that there was a Daubert violation in allowing an enhanced recording of him to be played for the jury. However, at trial, the only objection urged by the defense to the recording was as follows: "I'll make an objection based on the fact that it may be distorted". State court record, p. 478.

The First Circuit Court of Appeal found that this objection did not raise any type of Daubert issue and was precluded from review.  *See* Judgment, First Circuit Court of Appeal, no. 2010-KA-1326, p. 8.  It is well-settled that Louisiana's contemporaneous objection rule is an independent and adequate state procedural ground, regularly applied by the Louisiana courts. Duncan v. Cain, 278 F.3d 537, 541 (5th Cir.2002) (citing Wainwright v. Sykes, 433 U.S. 72, 87–88 (1977)).  When the state court relies on this procedural default in dismissing claims, as it did here, the claims are barred from federal habeas review. Duncan, 278 F.3d at 541; Riles v. McCotter, 799 F.2d 947, 953 (5th Cir.1986).  Accordingly, the State submits claim one is not subject to federal habeas review, as it is procedurally defaulted.

Claims three through six herein were raised in the application for post-conviction relief and the related writ applications to the appellate courts.  In denying the writ application, the Louisiana Supreme Court relied upon La. C.Cr.P. art. 930.8 and its related jurisprudence.  Federal courts have held that La. C.Cr.P. art. 930.8 is an independent and adequate state law ground for dismissal which bars review of similar claims by the federal courts in a habeas corpus proceeding.  Glover v. Cain, 128 F.3d 900 (5th Cir. 1997). Accordingly, the State submits that this Court is barred from review of claims three through six pursuant to the procedural bar imposed by the state courts.

In the event this Court disagrees with the State's assertion of untimeliness herein, the State will address the merits of the remaining claim, claim two, which was addressed on the merits by the state courts.

**Standard of Review**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  A federal court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts.  Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  The standard is one of objective reasonableness.  Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000).  Furthermore, state court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence".   Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).

In Cullen v. Pinholster, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court". *Id* at 1398. The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits". *Id* at 1398.  §2254(d)(1) applies to

claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial." Pinholster, *supra* at 1402. In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision. Pinholster, *supra* at 1402.

The State submits that review in this case is limited to the record that was before the state court, and no evidentiary hearing should be held herein.

### **Claim 2 - Denial of Motion to Suppress Statement**

In his second claim herein, petitioner alleges the state courts erred in denying his motion to suppress his statement to police. As argued above, petitioner never asserted to the state courts the issue that he was only informed of the check cashing investigation and his waiver solely applied to that investigation. The State has asserted that this portion of the claim is unexhausted.

Petitioner did argue to the state courts that the denial of his motion to suppress was erroneous because he was unaware of the recorder at the time he made the statement. In affirming the ruling of the trial court, the First Circuit Court of Appeal found as follows:

> . . . While the defendant had not been formally arrested when he made the statement at issue, he certainly knew he was suspected of a crime, and had been formally advised of, and waived his **Miranda** rights. Additionally, the room in which the defendant was alone, was the interrogation room of a police department. Further, this case does not involve a hidden recorder, but rather a recorder on a desk in front of the defendant. Any expectation of privacy the defendant had under these circumstances was not reasonable. *See* Judgment, First Circuit Court of Appeal, no. 2010-KA-1392, p. 6-7.

Petitioner cites no jurisprudence of the United States Supreme Court in favor of his argument herein. Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The State submits this claim is without merit.

## **CONCLUSION**

For the foregoing reasons, the State respectfully submits that petitioner's Application for Habeas Corpus Relief should be dismissed.

        Respectfully submitted:

By: s/Kathryn Landry_____
   KATHRYN LANDRY, Bar No.  19229
   P. O. Box 82659
   Baton Rouge, LA 70884
   Telephone:  (225) 766-0023
   Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been mailed to the opposing party herein:

Kevin Williams #412646
Louisiana State Penitentiary
Angola, LA 70712

Baton Rouge, Louisiana this 12th day of January, 2015.

       s/Kathryn Landry_____
       KATHRYN LANDRY