# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KEVIN WILLIAMS**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 14-2288**

**N. BURL CAIN, WARDEN**                              **SECTION "G"(4)**

## ORDER AND REASONS

Before the Court are Petitioner Kevin Williams's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254 alleging several grounds of relief based on purported errors in the trial court's evidentiary rulings and ineffective assistance of counsel claims.[3] On March 30, 2015, the Magistrate Judge recommended that Petitioner's claims be dismissed as time-barred.[4] Petitioner objected, arguing that his petition was timely filed because the Louisiana Supreme Court granted him an extension to file his writ application on direct appeal.[5] On November 13, 2015, this Court issued an Order sustaining Petitioner's objections and finding that the petition was timely.[6] Accordingly, the Court referred the matter to the Magistrate Judge to prepare another Report and

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 18.

[3] Rec. Doc. 1.

[4] Rec. Doc. 12 at 8.

[5] Rec. Doc. 13 at 2.

[6] Rec. Doc. 15.

Recommendation.[7] The Magistrate Judge subsequently recommended that the petition be dismissed on the merits.[8] Petitioner objects to that recommendation, arguing that he has pointed to enough record evidence to show that he is entitled to habeas relief.[9] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

## I. Background

### A.    *Factual Background*

On October 23, 2008, the Grand Jury indicted Petitioner on one count of second degree murder.[10] On January 27, 2010, a jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany found Petitioner guilty of second degree murder.[11] On March 1, 2010, the trial court sentenced Petitioner to life in prison at hard labor without the benefit of parole, probation, or suspension of sentence.[12]

The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on February 11, 2011.[13] Petitioner submitted a pro se request for rehearing on February 23, 2011,[14] which was denied on March 28, 2011.[15] Petitioner filed a writ application with the Louisiana

---

[7] *Id.*

[8] Rec. Doc. 18.

[9] Rec. Doc. 15.

[10] State Rec., Vol. I of VI, Bill of Indictment.

[11] State Rec., Vol. I of VI, Jury Verdict.

[12] State Rec., Vol. I of VI, Sentencing Minutes, March 1, 2010.

[13] *State v. Williams*, No. 10-1392 (La. App. 1 Cir. 02/11/11); State Rec., Vol. IV of VI.

[14] State Rec., Vol. IV of VI, Request for Rehearing, filed February 23, 2011.

[15] *State v. Williams*, No. 2010-KA-1392 (La. App. 1 Cir. 03/28/11); State Rec., Vol. VI of VI.

Supreme Court on July 13, 2011.[16] On March 9, 2012, the Louisiana Supreme Court denied Petitioner's application, without written reasons.[17]

Petitioner filed his application for post-conviction relief with the state trial court on March 21, 2013.[18] On June 10, 2013, the state trial court denied Petitioner's application on the merits.[19] Petitioner sought supervisory writs before the Louisiana First Circuit, which were denied without written reasons on November 4, 2013.[20] On December 3, 2013, Petitioner filed a writ application with the Louisiana Supreme Court.[21] The Louisiana Supreme Court denied Petitioner's writ application on July 31, 2014.[22]

Petitioner filed this federal *habeas* petition on October 3, 2014.[23] Petitioner raises the following grounds for relief: (1) the state trial court erred when it allowed the State to play an enhanced recording of the confession to the jury without a hearing pursuant to *Daubert v. Merill Dow Pharmaceuticals, Inc.*, and the appellate court erred in denying relief on the issue; (2) the state courts erred in denying the motion to suppress the confession because Petitioner was not advised he was being questioned about the murder; (3) his trial counsel was ineffective when he presented hearsay testimony from Detective Robert Blount and erroneously mentioned a crowbar during his questioning of the deputy coroner; (4) his trial counsel was ineffective when he failed

---

[16] State Rec., Vol. V of VI, Petition for Writ of Certiorari, dated July 13, 2011.

[17] *State ex rel. Williams v. State*, No. 2011-KH-1028 (La. 03/09/12). State Rec., Vol. V of VI.

[18] State Rec., Vol. IV of VI, Application for Post-Conviction Relief, filed March 21, 2013.

[19] State Rec., Vol. IV of VI, Order and Reasons for Judgment of the Twenty-Second Judicial District Court, June 10, 2013.

[20] *State v. Williams*, No. 2013-KW-1232 (La. App. 1 Cir. 11/04/13). State Rec., Vol. V of VI.

[21] State Rec., Vol. V of VI, Writ Application, filed December 3, 2013.

[22] *State ex rel. Williams v. State*, No. 2013-KH-2851 (La. 07/31/14). State Rec., Vol. V of VI.

[23] Rec. Doc. 1.

to object to the prosecutor's indirect reference to Petitioner's failure to testify during closing arguments; (5) his trial counsel was ineffective when he failed to challenge the sufficiency of the evidence to support a guilty verdict; and (6) his trial counsel was ineffective when he did not prepare for trial where he failed to articulate the reasonable doubt theory to the jury, never advanced a theory of innocence or new exculpatory evidence, failed to object to perjured testimony from state witnesses, and did not complete discovery.[24]

In its response to the petition, the State asserted that Petitioner's *habeas* petition is untimely.[25] Alternatively, the State argued that Petitioner's first claim was in procedural default because it was rejected by the state courts as procedurally barred under Louisiana Code of Criminal Procedure article 841.[26] The State contended that Petitioner's second claim was not properly exhausted because Petitioner did not raise the same issue in state court.[27] The State also contended that claims three through six were in procedural default having been procedurally barred as untimely on state post-conviction review under Louisiana Code Criminal Procedure article 930.8.[28]

---

[24] *Id.* The Court notes that the order in which Petitioner's claims are addressed herein differs from the order in which the claims were laid out in its November 13, 2015 Order. *See* Rec. Doc. 15 at 3–4 ("Petitioner argues that his counsel's performance was ineffective because: (1) his counsel elicited hearsay testimony during cross-examination; (2) his counsel failed to object to certain closing arguments presented by the State; (3) his counsel failed to challenge the sufficiency of the evidence; and (4) his counsel failed to adequately prepare for trial. Petitioner also contends the trial court erred in allowing the jury to hear purportedly unreliable scientific evidence and in denying his motion to suppress certain statements."). However, for ease of reference, the Court addresses each of Petitioner's claims herein in the same order that they were addressed in the Magistrate Judge's second Report and Recommendation.

[25] Rec. Doc. 11 at 2–3.

[26] *Id.* at 6.

[27] *Id.* at 4.

[28] *Id.* at 7.

On March 30, 2015, the Magistrate Judge recommended that Petitioner's claims be dismissed as time-barred.[29] Petitioner objected, arguing that his petition is timely filed because the Louisiana Supreme Court granted him an extension to file his writ application on direct appeal.[30] On November 13, 2015, the Court issued an Order sustaining Petitioner's objections and finding that the petition was timely.[31] Accordingly, the Court referred the matter to the Magistrate Judge to prepare another Report and Recommendation.[32]

## B.    *Report and Recommendation Findings*

The Magistrate Judge recommends that the Court dismiss Petitioner's claims with prejudice.[33] The Magistrate Judge noted that Petitioner's first claim, challenging the introduction or playing of the video of his confession at trial without a *Daubert* hearing, was barred from review on appeal by the Louisiana First Circuit for lack of contemporaneous objection as required under Louisiana Code of Criminal Procedure article 841.[34] The Magistrate Judge stated that generally a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment.[35] Here, the Magistrate Judge found that a "contemporaneous objection" rule is an "independent and adequate" state procedural ground

---

[29] Rec. Doc. 12 at 8.

[30] Rec. Doc. 13 at 2.

[31] Rec. Doc. 15.

[32] *Id.*

[33] Rec. Doc. 18 at 37.

[34] *Id.* at 8.

[35] *Id.* at 9 (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).

which bars federal habeas review.[36] Moreover, the Magistrate Judge determined that Petitioner had not established one of the exceptions to his procedural default.[37] Specifically, the Magistrate Judge found Petitioner had not shown that some external factor to the defense impeded his efforts to comply with the state's procedural rule.[38] The Magistrate Judge also found that Petitioner had not shown that a fundamental miscarriage of justice would occur if the merits of his claim were not reviewed because Petitioner did not present any claim to suggest his actual innocence.[39] Accordingly, the Magistrate Judge found that Petitioner's first claim was procedurally barred.[40]

The Magistrate Judge addressed Petitioner's remaining claims on the merits.[41] The Magistrate Judge noted that AEDPA's deferential standards of review do not apply where the claims were not adjudicated on the merits by the state courts.[42] Here, the state courts dismissed Petitioner's claims as time-barred and did not reach the merits.[43] Accordingly, the Magistrate Judge applied a *de novo* standard of review.[44]

The Magistrate Judge first addressed the merits of Petitioner's claim that the state courts erred in denying the motion to suppress his confession.[45] Petitioner argued that he only thought he was being questioned about the stolen checks, not the murder, and that the inculpatory statement

---

[36] *Id.* at 11 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977)).

[37] *Id.* at 12.

[38] *Id.* at 13 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[39] *Id.* at 14−15 (citing *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997)).

[40] *Id.* at 15.

[41] *Id.* at 15−36.

[42] *Id.* at 17 (citing 28 U.S.C. § 2254(d); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003)).

[43] *Id.* at 8.

[44] *Id.* at 17 (citing *Henderson*, 333 F.3d at 598).

[45] *Id.* at 18.

was used in violation of his right to privacy because he thought he was alone when he made the statement.[46] The Magistrate Judge noted that Petitioner only raised the issue of his right to privacy before the state courts, and the Louisiana First Circuit found that Petitioner had no reasonable expectation of privacy because he had been advised of his constitutional rights, waived his rights, and was being interrogated in a police station with the recording device on the table in front of him.[47] The Magistrate Judge noted that on federal habeas review the Court must presume that the factual determinations made by the state courts were correct, and Petitioner had not pointed to anything in the record to support his assertion that he was misinformed when he waived his rights.[48] The Magistrate Judge determined that it was not reasonable for Petitioner to expect a right to privacy in his statement made while in a police interrogation room where he knew he was being questioned, and recorded, about his criminal activity.[49] Accordingly, the Magistrate Judge found that Petitioner had not established that the denial of relief on the privacy issue was contrary to, or an unreasonable application of, Supreme Court law.[50] Similarly, the Magistrate Judge determined that Petitioner had not established that he was unaware when he waived his rights that he could be questioned about the murder.[51]

Next, the Magistrate Judge addressed Petitioner's ineffective assistance of counsel claims.[52] The Magistrate Judge found Petitioner's argument that his counsel failed to object to the

---

[46] *Id.*

[47] *Id.* at 18, 22.

[48] *Id.* at 22.

[49] *Id.* at 23 (citing *United States v. Swift*, 623 F.3d 618, 623 (8th Cir. 2010)).

[50] *Id.*

[51] *Id.*

[52] *Id.* at 23–37.

hearsay testimony of Detective Robert Blount unavailing.[53] Petitioner argued that his counsel should have objected to Detective Blount's testimony that during an interview with an inmate, Andrew Wetzel, Detective Blount learned that Petitioner told Wetzel that he used a crowbar to kill the victim.[54] The Magistrate Judge found that Detective Blount did not repeat the statement to establish its veracity, but instead Detective Blount repeated the statement to demonstrate why he investigated the notion that a crowbar was used to kill the victim.[55] Therefore, the Magistrate Judge found that there was arguably no reason to object to this testimony on hearsay grounds.[56] Moreover, the Magistrate Judge noted that defense counsel used that testimony to support his argument that the State's witnesses were not credible because Wetzel had 15 felony convictions.[57] Accordingly, the Magistrate Judge found that the decision not to object was not deficient performance as it constituted a reasonable strategy.[58]

The Magistrate Judge also found Petitioner's claim, that his counsel erroneously mentioned a crowbar during his questioning of the deputy coroner, unavailing.[59] The Magistrate Judge noted that the prosecutor, not defense counsel, first mentioned the crowbar to the deputy coroner.[60] Therefore, the Magistrate Judge found that defense counsel's decision to ask questions about the crowbar on cross examination was not deficient performance.[61]

---

[53] *Id.* at 26.

[54] *Id.*

[55] *Id.* at 27.

[56] *Id.*

[57] *Id.* at 28.

[58] *Id.* at 28–29.

[59] *Id.* at 29.

[60] *Id.*

[61] *Id.* at 29–30.

Next, the Magistrate Judge addressed Petitioner's argument that his counsel performed ineffectively in failing to object to the prosecutor's indirect reference to Petitioner's failure to testify at trial.[62] During his closing argument, the prosecutor stated that no one had contradicted the State's evidence.[63] The Magistrate Judge noted that comments by a prosecutor on a defendant's exercising his Fifth Amendment right not to testify are constitutionally impermissible.[64] Here, the Magistrate Judge determined that the prosecutor's closing argument did not violate due process or Petitioner's Fifth Amendment rights because there was no clear showing that the prosecutor intended to comment on Petitioner's failure to testify or that the jury took the comments by the prosecutor to have such a meaning.[65] Therefore, the Magistrate Judge reasoned that defense counsel's failure to object to this statement was not deficient and that Petitioner was not prejudiced by the failure to object.[66]

Finally, the Magistrate Judge addressed Petitioner's claims that his counsel did not investigate and prepare for trial and that counsel failed to challenge the sufficiency of the evidence to support the guilty verdict.[67] The Magistrate Judge noted that reading of the record and trial transcript negated Petitioner's conclusory assertions that counsel failed to prepare or put the State's case to a legitimate challenge.[68] The Magistrate Judge found that Petitioner failed to point to any inculpatory or beneficial information which further investigation could have revealed, and

---

[62] *Id.* at 30.

[63] *Id.*

[64] *Id.* (citing *Griffin v. California*, 380 U.S. 609, 615 (1965)).

[65] *Id.*

[66] *Id.* at 32.

[67] *Id.*

[68] *Id.* at 33.

Petitioner had not identified any particular witnesses that could have testified.[69] Further, Petitioner failed to establish a need for counsel to call expert witnesses at trial or that experts could be found whose testimony would have contradicted the State's evidence.[70] The Magistrate Judge found that the defense's cross-examination demonstrated that counsel was well prepared.[71] Therefore, the Magistrate Judge reasoned that defense counsel's performance was not deficient and that Petitioner was not prejudiced by his counsel's performance.[72]

## II. Objections

### A.    *Petitioner's Objections*

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation.[73] Petitioner argues that the Magistrate Judge erred in recommending that his petition be dismissed with prejudice.[74] Petitioner contends that he is acting pro se and should not be held to the standards of a professional attorney.[75] Petitioner argues that he has stated viable claims and pointed to enough record evidence to show that he is entitled to federal habeas relief.[76]

Petitioner argues that the Magistrate Judge erred in finding that his first claim is procedurally defaulted.[77] Petitioner asserts that ineffective assistance of counsel is adequate to establish cause for his procedural default because "[a] procedural default by trial counsel [is] not

---

[69] *Id.* at 33–34.

[70] *Id.* at 34–35.

[71] *Id.* at 36.

[72] *Id.* at 32.

[73] Rec. Doc. 19.

[74] *Id.* at 1.

[75] *Id.* at 2.

[76] *Id.*

[77] *Id.*

imputable to a Petitioner."[78] Petitioner contends that the Sixth and Fourteenth Amendments to the United States Constitution guarantee the criminally accused a meaningful opportunity to present a complete defense.[79] Accordingly, Petitioner requests that the Court grant him habeas relief.[80]

## B. State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

## A. Standard of Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[81] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[82] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[83]

## B. Standard of Review Under the AEDPA

Following the enactment of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

---

[78] *Id.* (citing *Edwards v. Carpenter*, 120 S.Ct. 1587 (2000)).

[79] *Id.* (citing *State v. Dressner*, 08-1366 (La. 7/6/10); 45 So.3d 127, 137).

[80] *Id.* at 3.

[81] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[82] Fed. R. Civ. P. 72(b)(3).

[83] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

was revised "to ensure that state-court convictions are given effect to the extent possible under law."[84] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[85] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[86]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[87]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[88] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[89]

---

[84] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[85] 28 U.S.C. § 2254(d)(2).

[86] 28 U.S.C. § 2254(d)(1).

[87] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[88] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[89] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[90] Instead, claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[91]

## IV. Law and Analysis

A.    *Procedural Default*

Petitioner objects to the Magistrate Judge's determination that his first claim, challenging the introduction of an enhanced recording of his confession at trial without a *Daubert* hearing, is procedurally defaulted.[92] Accordingly, the Court reviews this issue *de novo*.[93]

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[94] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[95]

In the instant case, on direct appeal, the Louisiana First Circuit concluded that Petitioner's *Daubert* claim was not preserved for appellate review because he failed to lodge a contemporaneous objection as required by Louisiana Code of Criminal Procedure article 841(A).[96]

---

[90] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[91] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

[92] Rec. Doc. 19 at 2.

[93] Fed. R. Civ. P. 72(b)(3).

[94] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[95] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[96] *State v. Williams*, No. 10-1392 (La. App. 1 Cir. 02/11/11); State Rec. Vol. IV of VI.

Article 841(A) provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence."[97] The Supreme Court has recognized that a "contemporaneous-objection rule" is an "independent and adequate" state procedural ground which bars federal habeas corpus review.[98] The Fifth Circuit has also recognized that Louisiana Code of Criminal Procedure article 841(A) is an independent and adequate state procedural rule.[99] Accordingly, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[100]

### 1. Cause and Prejudice

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[101] A showing of ineffective assistance of counsel may be one such external factor.[102] "Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default."[103]

Here, Petitioner asserts that ineffective assistance of counsel is adequate to establish cause for his procedural default because "[a] procedural default by trial counsel [is] not imputable to a Petitioner."[104] To the extent that Petitioner's objections could be construed to suggest that his trial

---

[97] La. Code Crim. P. art. 841(A).

[98] *Wainwright v. Sykes*, 433 U.S. 72, 87–88 (1977).

[99] *Procter v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987).

[100] *Hughes*, 191 F.3d at 614.

[101] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[102] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[103] *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

[104] Rec. Doc. 19 at 2.

counsel was ineffective in failing to make the necessary objections to preserve his procedurally defaulted claim, Petitioner did not raise any such claim before the state courts. As the United States Supreme Court has recognized, a claim of ineffective assistance generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."[105] Therefore, Petitioner has not established cause for his procedural default.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."[106] Because Petitioner has failed to show an objective cause for his default, the Court need not determine whether prejudice existed.[107] Moreover, Petitioner has not alleged any actual prejudice.[108] Accordingly, federal habeas review is barred unless Petitioner demonstrates that a failure to address the claim will result in a fundamental miscarriage of justice.[109]

### 2.    Fundamental Miscarriage of Justice

To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence."[110] When the petitioner

---

[105] *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986)). Moreover, to the extent that Petitioner may argue that his failure to exhaust any potential ineffective assistance of counsel claim should be excused under the Supreme Court's holding in *Martinez v. Ryan*, Petitioner has not shown that any underlying claims of ineffective assistance of trial counsel are "substantial" because he has not demonstrated that "any such claim has some merit." 566 U.S. 1, 14 (2012) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.").

[106] *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (internal citation omitted).

[107] *Ratcliff v. Estelle*, 597 F.2d 474, 477–78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681–82 (5th Cir. 1977)).

[108] *Id.*

[109] *Hughes*, 191 F.3d at 614.

[110] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). *See also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception.[111] In the instant case, Petitioner does not argue that he is actually innocent of the crime for which he was convicted. Petitioner's procedurally defaulted claim concerns the alleged evidentiary errors of the state trial court. He has presented no evidence to show his actual innocence. Accordingly, on *de novo* review the Court concludes that Petitioner has failed to overcome the procedural bar to his claim, challenging the introduction of an enhanced recording of his confession at trial without a *Daubert* hearing.

## B.    *Portions of the Report and Recommendation Without Objection*

### 1.    Denial of the Motion to Suppress Petitioner's Confession

The Magistrate Judge recommends that the Court find that Petitioner is not entitled to relief on his claim that the state courts erred in denying the motion to suppress his confession.[112] Petitioner does not object to this determination.[113] Accordingly, the Court reviews this issue for plain error.[114]

The admissibility of a confession is a mixed question of law and fact.[115] On federal habeas review, the Court must respect the state court's determination of voluntariness as long as it was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."[116] The Supreme Court has recognizes that a defendant may waive his Fifth Amendment privilege against self-incrimination "provided the waiver is made

---

[111] *See Golver v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997).

[112] Rec. Doc. 18 at 18−23.

[113] *See* Rec. Doc. 19.

[114] *See Douglass*, 79 F.3d at 1428−29.

[115] *Miller v. Fenton*, 474 U.S. 104, 112 (1985).

[116] *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1998).

voluntarily, knowingly and intelligently."[117] This "inquiry has two distinct dimensions."[118] "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."[119] "Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[120]

In the instant case, Petitioner argued that his confession should be suppressed because he thought he was only being questioned about the stolen checks, not the murder, and that the inculpatory statement was used in violation of his right to privacy because he thought he was alone when he made the statement.[121] On direct appeal, the Louisiana First Circuit found that Petitioner had no reasonable expectation of privacy because he had been advised of his constitutional rights, waived his rights, and was being interrogated in a police station with the recording device on the table in front of him.[122]

The Magistrate Judge noted that on federal habeas review the Court must presume that the factual determinations made by the state courts were correct, and Petitioner had not pointed to anything in the record to support his assertion that he was misinformed when he waived his rights.[123] The Magistrate Judge determined that it was not reasonable for Petitioner to expect a right to privacy in his statement made while in a police interrogation room where he knew he was

---

[117] *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

[118] *Id.*

[119] *Id.*

[120] *Id.*

[121] Rec. Doc. 18 at 18.

[122] *State v. Williams*, No. 10-1392 (La. App. 1 Cir. 02/11/11); State Rec., Vol. IV of VI.

[123] Rec. Doc. 18 at 22.

being questioned, and recorded, about his criminal activity.[124] Accordingly, the Magistrate Judge found that Petitioner had not established that the denial of relief on the privacy issue was contrary to, or an unreasonable application of, Supreme Court law.[125] Similarly, the Magistrate Judge determined that Petitioner had not established that he was unaware when he waived his rights that he could be questioned about the murder.[126] Finding no plain error in these determinations, the Court adopts the Magistrate Judge's recommendation that Petitioner's claim that the state courts erred in denying the motion to suppress his confession be dismissed with prejudice because the claim is without merit.

### 2. Ineffective Assistance of Counsel

The Magistrate Judge also recommended that the Court dismiss each of Petitioner's ineffective assistance of counsel claims.[127] Petitioner does not object to this determination.[128] Accordingly, the Court reviews this issue for plain error.[129]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[130] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[131] To satisfy the deficient

---

[124] *Id.* at 23 (citing *United States v. Swift*, 623 F.3d 618, 623 (8th Cir. 2010)).

[125] *Id.*

[126] *Id.*

[127] Rec. Doc. 18 at 23–37.

[128] *See* Rec. Doc. 19.

[129] *See Douglass*, 79 F.3d at 1428−29.

[130] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[131] *Id.* at 697.

performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[132] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[133] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[134] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[135] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[136]

Petitioner raises four ineffective assistance of trial counsel claims: (1) his trial counsel was ineffective when he presented hearsay testimony from Detective Robert Blount and erroneously mentioned a crowbar during his questioning of the deputy coroner; (2) his trial counsel was ineffective when he failed to object to the prosecutor's indirect reference to Petitioner's failure to testify during closing arguments; (3) his trial counsel was ineffective when he failed to challenge the sufficiency of the evidence to support a guilty verdict; and (4) his trial counsel was ineffective when he did not prepare for trial where he failed to articulate the reasonable doubt theory to the jury, never advanced a theory of innocence or new exculpatory evidence, failed to object to perjured testimony from state witnesses, and did not complete discovery.[137] The Magistrate Judge

---

[132] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[133] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[134] *See Strickland*, 466 U.S. at 689.

[135] *Id*. at 694.

[136] *Id*.

[137] Rec. Doc. 1.

determined that Petitioner had not established that his counsel's performance was deficient as to any of these claims.[138]

Specifically, the Magistrate Judge found that defense counsel's decision not to object to the alleged hearsay testimony of Detective Blount was a reasonable strategy.[139] The Magistrate Judge also found Petitioner's claim that his counsel erroneously mentioned a crowbar during his questioning of the deputy coroner unavailing because the prosecutor first mentioned the crowbar to the deputy coroner, and defense counsel merely questioned the deputy coroner about the crowbar on cross-examination.[140] Regarding Petitioner's argument that his counsel performed ineffectively in failing to object to the prosecutor's indirect reference to Petitioner's failure to testify at trial, the Magistrate Judge determined that the prosecutor's closing argument did not violate due process or Petitioner's Fifth Amendment rights because there was no clear showing that the prosecutor intended to comment on Petitioner's decision not to testify and so defense counsel's failure to object was not deficient performance.[141] Finally, the Magistrate Judge rejected Petitioner's claim that his counsel did not investigate and prepare for trial because reading of the record and trial transcript negated Petitioner's conclusory assertions that counsel failed to prepare or put the State's case to a legitimate challenge.[142] Finding no plain error in these determinations, the Court adopts the Magistrate Judge's recommendation that Petitioner's ineffective assistance of counsel claims be dismissed with prejudice because the claims are without merit.

---

[138] Rec. Doc. 18 at 23–37.

[139] *Id.* at 28–29.

[140] *Id.* at 29–30.

[141] *Id.* at 30–32.

[142] *Id.* at 32–33.

## V. Conclusion

For the reasons stated above, the Court concludes that Petitioner has failed to overcome the procedural bar to his claim, challenging the introduction of an enhanced recording of his confession at trial without a *Daubert* hearing. Moreover, the Court finds Petitioner's claim that the state courts erred in denying the motion to suppress his confession and his ineffective assistance of counsel claims without merit. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Kevin Williams's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this <u>10th</u> day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**